IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| INDEPENDENCE RECEIVABLES CORPORATION, <br> Plaintiff, <br><br> v. <br><br> PRECISION RECOVERY ANALYTICS, INC., *et al.*, <br> Defendants. | Civil Action No. 10-cv-01534-AW |

**Memorandum Opinion**

Pending before the Court are three motions filed by various Defendants. First, Defendants Tony Jackson and Robert DiGennaro ("individual Defendants") have filed motions to dismiss for lack of personal jurisdiction and for failure to state a fraud claim with the required level of particularity. *See* Doc. Nos. 8, 10. Second, Defendant Precision Recovery Analytics, Inc. ("Precision Recovery") has filed a motion to compel arbitration and dismiss or stay, or in the alternative, transfer this action to the Western District of Texas. *See* Doc. No. 12.

Based on the documents filed by the Parties and the arguments presented at the hearing on these motions, the Court will grant in part and deny in part Precision Recovery's motion. Specifically, the Court holds that the arbitration agreement between Plaintiff and Precision Recovery is enforceable, and that the appropriate enforcement option is to transfer this case to the U.S. District Court for the Western District of Texas under 28 U.S.C. § 1404(a). Because the case is transferred, the other pending motions are moot and will be denied accordingly.

I.  **FACTS AND PROCEDURAL BACKGROUND**

1

The Plaintiff, Independence Receivables Corporation ("IRC"), is a consumer debt collector. Defendant Precision Recovery is also involved in the debt industry. The contract at issue in this case is an "Accounts Sales Agreement" ("Agreement") executed by IRC and Precision Recovery on August 20, 2007. *See* Doc. No. 12, Ex. A. Pursuant to that Agreement, Precision Recovery sold to IRC a large number of auto deficiency accounts.

Two features of the Agreement are particularly relevant for evaluating the instant motions. First, the Agreement includes several dispute-resolution provisions that describe the proper way to resolve "[a]ny controversy concerning this Agreement." *Id.* at ¶ 8.2(a). When the Parties are unable to resolve their dispute "within thirty days," they will "first be directed to mediation in Austin, Travis County, Texas at the Austin Dispute Resolution Center or any private mediator upon whom the parties agree . . . . In the event the dispute is still not resolved through mediation[,] then the dispute shall be settled by a mini-trial in State Court in Austin, Texas . . . ." *Id.*

Second, paragraph 6.1 of the Agreement, titled "Conditions Precedent to Obligations of Buyer," places several conditions on the "obligations of Buyer with respect to actions to be taken at the Closing." Among these conditions is the following: "All of the representations and warranties of Seller contained in this Agreement shall be true and correct in all material respects on and as of the Closing Date . . . ." *Id.* ¶ 6.1(a). Plaintiff argues that this condition was not satisfied, because: (1) Precision Recovery represented that it "has in its possession Account Documents, (i.e. Media), for approximately 60% of the Accounts being sold to Buyer under the terms of this Agreement, and all such Account Documents in Seller's possession will be delivered to Buyer on the Closing Date, or as soon thereafter as is reasonably practicable," *id.* at

Annex II ¶ 8, and (2) Precision Recovery's representation was false because (Plaintiff alleges) it had virtually no media for any of the accounts.

## II. STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, the Court must enforce private agreements to arbitrate disputes. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Courts may only enforce an arbitration clause "when the parties involved agree to arbitration by contract." *Gen. Drivers, Warehousemen and Helpers Loc. Union No. 509 v. Ethyl Corp.*, 68 F.3d 80, 83 (4th Cir. 1995). However, "attacks on the validity of an entire contract, as distinct from attacks aimed at the arbitration clause, are within the arbitrator's ken." *Preston v. Ferrer*, 552 U.S. 346, 353 (2008). Due to the "'liberal federal policy favoring arbitration agreements,'" "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 273-74 (4th Cir. 1997) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

## III. ANALYSIS

Precision Recovery's motion raises two issues: first, is the dispute-resolution clause contained in the Parties' agreement enforceable? Second, if the clause is enforceable, what is the appropriate remedy: transfer of this case to the U.S. District Court for the Western District of Texas, or compulsion of arbitration by this Court? Each issue will be addressed in turn.

   A. *Enforceability of the Dispute-Resolution Agreement*

Precision Recovery contends that the Court should compel mediation, followed by a binding mini-trial, in Austin, Texas. The Parties' Agreement provides that "[a]ny controversy concerning this Agreement, which the Parties cannot resolve within thirty days, will first be directed to mediation in Austin, Travis County, Texas . . . . In the event the dispute is still not resolved through mediation[,] then the dispute shall be settled by a mini-trial in State Court in Austin, Texas . . . ." Doc. No. 12, Ex. A ¶ 8.2(a) ("Arbitration Clause").[1] Defendant argues that the Arbitration Clause must be enforced in spite of Plaintiff's challenge to the validity of the overall Agreement, because "attacks on the validity of an entire contract, as distinct from attacks aimed at the arbitration clause, are within the arbitrator's ken." *Preston v. Ferrer*, 552 U.S. 346, 353 (2008).

Plaintiff counters that the entire Agreement, including the Arbitration Clause, is unenforceable because Precision Recovery failed to satisfy a condition precedent to the Agreement. A section of the Agreement entitled "Conditions Precedent to Obligations of Buyer" indicates that "[t]he obligations of Buyer with respect to actions to be taken at the Closing are subject to the satisfaction, or waiver by Buyer," of several conditions, including that "[a]ll of the representations and warranties of Seller contained in this Agreement shall be true and correct in all material respects on and as of the Closing Date . . . ." Doc. No. 12, Ex. A ¶ 6.1. Plaintiff argues that this condition precedent was not satisfied, and therefore no agreement was ever formed, due to Precision Recovery's alleged misrepresentations.

Plaintiff acknowledges that, ordinarily, arguments purporting to show that a contract (including an arbitration clause contained within a contract) is void or voidable ought to be

---

[1] Although it may sound strange to refer to mediation and a mini-trial as "arbitration," Precision Recovery has argued that the meaning of "arbitration" under the FAA broadly encompasses any situation where "the parties have agreed to submit a dispute for a decision by a third party." *Parisi v. Netlearning, Inc.*, 139 F. Supp. 2d 745, 749 (E.D. Va. 2001) (internal quotation and citation omitted). Plaintiff concedes that the FAA applies.

4

resolved by an arbitrator. *See, e.g.*, *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 447-48 (2006). However, Plaintiff argues that the rule does not apply when the Parties never formed an agreement in the first place due to failure of a condition precedent. *See, e.g.*, *Gen. Drivers, Warehousemen and Helpers Loc. Union No. 509 v. Ethyl Corp.*, 68 F.3d 80, 83 (4th Cir. 1995) ("Arbitration of a claim is available only when the parties involved agree to arbitration by contract.").

If the Court had to resolve the question of who (court or arbitrator) should decide whether a condition precedent to contract formation has been satisfied, the question would be a difficult one. Arbitrability issues such as this one frequently place two equally well-established principles in tension with one another. On the one hand, the "source" of the obligation to arbitrate "is the agreement's arbitration clause"; consequently, if a Party never formed an agreement to arbitrate, it cannot be compelled to arbitrate. Viewed from this perspective, it would seem that the Court must decide whether the Parties did in fact contract to arbitrate. On the other hand, judicial resolution of the question of whether the Parties formed a valid contract would dispose of a large portion of the merits of the dispute, thereby defeating the purpose of compelling arbitration. *See Va. Carolina Tools, Inc. v. Int'l Tool Supply, Inc.*, 984 F.2d 113, 118 (4th Cir. 1993) (discussing the dilemma presented by similar arbitrability disputes).

However, the Court need not resolve that issue, because the condition precedent identified by Plaintiff relates to Plaintiff's obligations to perform its contractual obligations at the closing of the sale, not a condition precedent to contract formation. *See generally Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976) ("A condition precedent may be either a condition to the formation of a contract or to an obligation to perform an existing agreement. Conditions may, therefore, relate either to the formation of contracts or to liability

5

under them."); *see also* Doc. No. 12, Ex. A ¶ 8.1 ("The Laws . . . of the State of Texas and of the United States of America shall govern the rights and duties of the Parties and the validity, construction, enforcement, and interpretation of this Agreement." (capitalization omitted)).

The "Conditions Precedent" section indicates that "[t]he obligations of Buyer with respect to actions to be taken at the Closing are subject to the satisfaction, or waiver by Buyer, at or prior to the Closing of all the following conditions . . . ." Doc. No. 12, Ex. A ¶ 6.1. Thus, the Court is not presented with a situation where the Parties (allegedly) never formed an agreement at all. Rather, the Parties clearly have an Agreement, and that Agreement states that Defendant / Seller must satisfy several conditions before Plaintiff / Buyer becomes obligated to perform its closing-related duties. Plaintiff's allegation that Defendant breached these conditions is a serious issue that implicates a large amount of money, but it is an issue for the Arbitrator to resolve, because it is a "controversy concerning this Agreement." Doc. No. 12, Ex. A ¶ 8.2(a). Thus, the Arbitration Clause is enforceable, and Plaintiff's claims are covered within its scope.

B. *Available Remedies for Enforcing the Arbitration Clause*

The next issue is whether the proper remedy is to stay proceedings before this Court and compel arbitration, or to transfer this case to the U.S. District Court for the Western District of Texas. Section 4 of the FAA states that arbitration proceedings compelled by a district court "shall be within the district in which the petition for an order directing [an] arbitration is filed." 9 U.S.C. § 4. Despite the apparent meaning of this language, Precision Recovery argues that the Court should compel arbitration on its own initiative rather than transferring the case, relying on *Textile Unlimited, Inc. v. A..BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001), and *Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1277-78 (5th Cir. 1975).

There is a split among the Circuits on the question of whether section 4 of the FAA permits a district court to compel arbitration to take place in a different jurisdiction. *See generally Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc.*, 628 F.Supp.2d 674, 682-83 (E.D. Va. 2009) (describing the split of authority on the issue). The majority position among courts across the country is that the FAA does not permit district courts to compel arbitration in other jurisdictions, and that is also the emerging (though not yet conclusive) position within the Fourth Circuit as well. *See, e.g.*, *id.* at 683 ("The majority view holds that, where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has the authority to compel arbitration under § 4 of the FAA. . . . [T]he well-reasoned majority position articulated above is highly persuasive."); *Sinclair Broad. Group, Inc. v. Interep Nat'l Radio Sales, Inc.*, No. CCB-05-326, 2005 WL 1000086 at *4 (D. Md. Apr. 28, 2005) (holding that under section 4 of the FAA, "a federal district court may not compel arbitration outside its own district"); *Elox Corp. v. Colt Indus., Inc.*, No. No. 90-2456, 1991 WL 263127 at *1 (4th Cir. Jan. 7, 1992) (indicating that under the FAA, "if a court orders arbitration, the arbitration must be held in the same district as the court").

Precision Recovery presses its argument for the Court to compel arbitration halfheartedly in its initial brief and does not even mention the issue in its reply brief. Precision Recovery mentions some of the authorities that are contrary to its position, but never explains why the precedents it relies upon are correct and the contrary ones erroneous. Given that a Circuit split is involved, the majority view (particularly among the courts of this Circuit) is against Defendant, and the issue has barely been briefed by the Parties, this Court will decline to compel arbitration and instead will transfer the case to the U.S. District Court for the Western District of Texas under a more well-established procedural mechanism: 28 U.S.C. § 1404(a).

Section 1404(a) authorizes transfer to "any other district . . . where [the case] might have been brought" for the sake of "convenience of parties and witnesses, in the interest of justice." Due to the enforceable Arbitration Clause contained in the Agreement between IRC and Precision Recovery, there is no doubt that transfer is appropriate for the claims between those Parties. Although the individual Defendants are not Parties to the Arbitration Clause, the entire case (and not just the claims against Precision Recovery) should be transferred to Texas for several reasons: (1) the interest in keeping the related claims and Parties involved in this case consolidated in a single action before the same court, (2) interpretation of the underlying contract is governed by Texas state law, *see* Doc. No. 12, Ex. A ¶ 8.1, and (3) all of the Defendants reside in Texas. Furthermore, although this Court need not conclusively resolve the individual Defendants' motions to dismiss for lack of personal jurisdiction, those motions at least raise serious questions regarding the propriety and fairness of forcing Texas residents with few Maryland contacts to litigate a case in Maryland. All of these problems are averted by transferring the case to the U.S. District Court for the Western District of Texas.

## IV. CONCLUSION

For the reasons stated above, Precision Recovery's motion to compel arbitration and dismiss or stay, or in the alternative, transfer this action to the Western District of Texas, *see* Doc. No. 12, is granted in part and denied in part. The result of this ruling is that this Court will transfer the case to the U.S. District Court for the Western District of Texas, but will not compel arbitration in Texas on its own initiative. A separate Order will follow.

|   December 9, 2010   | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |